IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDY ALTIZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:14-cv-00459-HE |
| | ) |
| KIA MOTORS AMERICA, INC., | ) |
| and KIA MOTORS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT TO ADD A PARTY**

COMES NOW Defendant Kia Motors America, Inc. ("KMA") ("Defendant"), and opposes Plaintiff's Motion for Leave to File Amended Complaint to Add a Party. In support of its Opposition, Defendant states:

**INTRODUCTION**

Plaintiff, in her Motion for Leave to File Amended Complaint to Add a Party, has one goal: she seeks to amend her complaint to add a non-diverse defendant after the case has been properly removed to attempt to strip this Court of federal jurisdiction.[1] This is not a proper reason to seek leave to amend a pleading. In her Motion Plaintiff seeks leave from this Court to amend her complaint to add BRSI, LLC (hereinafter, "dealership"), the car dealer that allegedly sold the subject vehicle to Plaintiff. Upon

---

[1] As discussed fully in Defendant's Opposition to Plaintiff's Motion to Remand, filed contemporaneously and hereby incorporated, even if this Court grants leave and the non-diverse defendant is added, jurisdiction is still proper in this Court because it was proper at the time of removal. *See Pfeiffer v. Hartford Fire Insurance Co.*, 929 F.2d 1484 (10th Cir. 1991); *Davis v. City of Harrah*, No. CIV-06-0695-HE, 2006 WL 2708607, at *1 (W.D. Okla. Sept. 20, 2006).

information and belief, it is understood that the dealership is a citizen of the State of Oklahoma and therefore not diverse to Plaintiff. For the reasons set forth below and in Defendant's Opposition to Plaintiff's Motion to Remand that is contemporaneously filed, Plaintiff's Motion for Leave should be denied to the extent the addition of the non-diverse defendant is used to defeat diversity jurisdiction.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party." Under the Rule, "leave shall be freely given" unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (internal quotation omitted); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (same quotation). But "the addition of a non-diverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Boehmer v. State Farm Fire & Cas. Co.*, No. 6:09-cv-00318-JHP, 2010 WL 1499227, at *1 (E.D. Okla. Apr. 12, 2010). Because of the original defendant's interest, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.*

The decision to deny leave to amend the pleadings is "within the discretion of the trial court," and the Tenth Circuit will not reverse the district court's decision without

evidence of abuse of discretion. *Minter*, 451 F.3d at 1204 (internal citations omitted); *see also Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (holding district court did not abuse its discretion by refusing to allow party to amend its complaint).

**I. Plaintiff's Intention is to Defeat Federal Jurisdiction**

Plaintiff's Motion for Leave must be denied because the purpose for adding the dealership – a citizen of Oklahoma – is to attempt to defeat this Court's federal diversity jurisdiction and remand this action to Oklahoma state court. Plaintiff provides no other valid reason for the proposed amendment. 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This language is intended to temper the policy of liberally granting amendments under Federal Rule of Civil Procedure 15. *Boehmer*, 2010 WL 1499227, at *1.

This Court should consider various factors when deciding whether to grant a motion for leave to amend a pleading under Section 1447(e). *Id.* These factors include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (internal quotation marks omitted) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).; *see also Baumeister v. Home Depot U.S.A., Inc.*, No. 1:10-cv-02366, 2011 WL 650338, at *2 (D. Colo. Feb. 11, 2011) (citing *Mayes v.*

*Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)). An analysis of these factors supports the denial of Plaintiff's Motion for Leave.

### A. Plaintiff was aware of the dealer and the facts underlying her claims since her first pleading

A party must point to new facts or evidence when seeking to amend a pleading that form the basis for the amendment sought. For instance, in *Federal Insurance Co. v. Gates Learjet Corp.*, the court recognized that denial of leave is warranted "where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." 823 F.2d 383, 387 (10th Cir. 1987); *see also McCarty v. City of Bartlesville*, 8 F. App'x 867, 880 (10th Cir. 2001) (denial of leave to amend is proper where the amending party offers "no new facts in their motion to amend" to justify the amendment and where the party should have known of the facts underlying the amendment when they filed an earlier complaint).

Here, Plaintiff was aware of the dealership and the facts underlying her claim against it at the time of her initial pleading. The only reason Plaintiff provides in her Motion for Leave for seeking amendment at this time is that she "inadvertently failed to include the Defendant auto retailer in the Original Petition." Pl.'s Mot. for Leave ¶ 5, at 2 [Doc. 11]. But it is clear from the timing and contemporaneous filing of Plaintiff's Motion to Remand that the purpose of this amendment is to add a non-diverse party and attempt to destroy federal diversity jurisdiction.

While discussing the moving party's awareness of the facts on which the

amendment was based, the district court in *Gates* noted that the moving party had access to documents from which it could have discovered the need for the proposed amendment at the time the lawsuit was filed, and therefore, the party's delay in amending was unreasonable and inflicted undue prejudice on the other party. 823 F.2d at 387. This decision follows a long history of Tenth Circuit precedent holding that "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the [] complaint, the motion to amend is subject to denial." *Id*. (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Plaintiff fails to point to any new facts or evidence to justify the need for the amendment. The evidence and facts underlying Plaintiff's claims have not changed since she filed her initial pleading. Indeed, all evidence underlying the claims and proposed amendment has been known to Plaintiff's counsel since the date the original petition was filed in state court. Plaintiff's Motion for Leave should therefore be denied.

**B. Plaintiff does not provide a valid explanation for amending after removal**

A moving party must be able to provide reasonable justification for amending a pleading. Without a valid explanation, the amendment is considered unduly delayed and should not be permitted. *Gates*, 823 F.2d at 387. Here, Plaintiff's only stated explanation necessitating the amendment is "inadvertence," but the timing of her Motion to Remand demonstrates her actual reason for seeking leave to amend. Inadvertence coupled with the purpose of destroying federal jurisdiction is not a valid explanation.

-5-

In *Boehmer v. State Farm Fire & Casualty Co.*, the U.S. District Court for the Eastern District of Oklahoma addressed this precise issue. 2010 WL 1499227, at *1. The plaintiff in that case filed a motion to amend, seeking to add a non-diverse party, less than three months after the original defendants removed the case to federal court. *Id.* The court, in addressing the amendment, found that "the delayed timing of the amendment suggest[s] that the purpose of the amendment is solely to defeat diversity jurisdiction." *Id.* Because of this timing and the plaintiff's previous statements that she had no claims against the non-diverse individual, the court found that plaintiff's motion could "only be construed as an attempt to join him solely as an effort to destroy the Court's subject matter jurisdiction." *Id.* The court held that the motion was improper and denied the plaintiff's request to amend and add the non-diverse party.

Here, the timing of the amendment and related Motion to Remand likewise suggests Plaintiff's purpose is to defeat diversity jurisdiction. Like *Boehmer*, Plaintiff's request should be denied. The other *Boehmer* factors do not weigh in favor of permitting Plaintiff to join the dealership defendant: she will not be significantly injured if the amendment is not allowed; the dealership is not a necessary party under Rule 19, as discussed in detail below; no statute of limitations prevents Plaintiff from suing the dealership in state court; and the likelihood of parallel litigation is slim. When considering the applicable factors, Plaintiff's Motion for Leave to Amend should be denied.

## II. The Dealership is Not a Necessary Party

Plaintiff asserts that "[t]his proceeding should not be allowed to continue without a necessary party[.]"  Pl.'s Mot. for Leave ¶ 9, at 2-3 [Doc. 11].  But the dealership that allegedly sold Plaintiff the subject vehicle is not a "necessary party" to this litigation. Plaintiff provides no reasoning for why the dealership is an indispensable party to this matter.  Federal Rule of Civil Procedure 19 states the rule regarding joinder of parties and the instances when a party is deemed necessary:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff does not allege in her Motion for Leave that this Court will be unable to accord complete relief among the existing parties without joining the dealership as a defendant. Similarly, the Plaintiff does not state that the dealership has an interest relating to this action that, unless the dealership is joined as a party, it is unable to protect. While Plaintiff argues that not joining the dealership will "necessitate multiple parallel proceedings," this is not a reason that necessitates joinder of a party under Rule 19.

-7-

Finally, the public policy of Oklahoma is against permitting a plaintiff to sue product sellers in product liability lawsuits. A recently-passed bill, which will be codified as a statute in 76 O.S. § 57.2, limits a plaintiff's ability to sue the seller of an allegedly defective product to specific situations where the seller exercised substantial control over the design or manufacture of the product, modified the product, or made an express warranty regarding the product's performance.[2] In this case, the dealership is seller of the product, but Plaintiff makes no allegations that the dealership exercised this control over the design or manufacture, modified the vehicle, or created an express warranty of any kind. While this statute does not go into effect until November 1, 2014, this declaration of Oklahoma's public policy is persuasive. The Oklahoma legislature has

---

[2] The relevant portion of future Section 57.2 states:

E.  No product liability action may be asserted against a product seller other than the manufacturer, unless:

  1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

  2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

  3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

  4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

  5. The manufacturer is not subject to service of process under the laws of the state; or

  6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

specifically spoken and found that a dealership is not a necessary party in a case such as this.  For these reasons, the dealership is not a necessary party to this lawsuit.  Plaintiff's Motion for Leave to Amend should be denied.

## CONCLUSION

Plaintiff has provided no justification for an amendment of her complaint in this case.  Her goal in seeking to amend her complaint is to destroy diversity, but that is not a valid reason for seeking amendment and weighs in favor of denying Plaintiff's motion.  Moreover, the dealership is not a necessary party to this litigation.  For these reasons, Plaintiff's Motion for Leave should be denied.

WHEREFORE, Defendant respectfully opposes Plaintiff's Motion for Leave and requests that it be denied.

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Chad R. Beashore
    Robert T. Adams, *Admitted Pro Hac Vice*
    Chad R. Beashore, *Admitted Pro Hac Vice*
    Jennifer J. Artman, *Admitted Pro Hac Vice*

    2555 Grand Boulevard
    Kansas City, Missouri 64108-2613
    Tel: 816.474.6550
    Fax:  816.421.5547

    and

    Derrick Teague, OBA #15131
    Jennings Teague, P.C.
    204 N. Robinson, Suite 1000
    Oklahoma City, OK 73102
    Tel: 405.609.6000
    Fax: 405.609.6501

-10-

ATTORNEYS FOR DEFENDANT
KIA MOTORS AMERICA, INC.

**CERTIFICATE OF MAILING**

I hereby certify that on this 25th day of June, 2014, the foregoing was filed with the Court's CM/ECF system, which will send a Notice of Electronic Filing to the following:

    Tye H. Smith
    Susan Carns Curtiss
    Carr & Carr
    1350 S.W. 89th Street
    Oklahoma City, OK 73159
    Telephone:  (405) 234-2110
    Facsimile:  (405) 234-2128
    tyesmith@carrcarrokc.com
    scarnscurtiss@carrcarrokc.com

    ATTORNEYS FOR PLAINTIFF

    /s/ Chad R. Beashore
    Attorney for Defendant

6362389 v3