# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDY ALTIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-14-0459-HE |
| | ) | |
| KIA MOTORS AMERICA, INC., and | ) | |
| KIA MOTORS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Judy Altizer filed this products liability action against defendants Kia Motors America, Inc. and Kia Motors Corporation in the District Court of Custer County, Oklahoma. Plaintiff alleges that she purchased a vehicle manufactured by defendants, and that the vehicle failed to properly protect her in a single-car accident. On May 6, 2014, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff has now moved to amend her complaint to add a claim against a non-diverse party, BRSI, LLC, the alleged seller of her car. Plaintiff has also moved to remand the case to state court based on the resulting lack of complete diversity. Defendants have responded, and the motions are at issue.

Defendants argue that plaintiff's motions should be denied because the motions are merely an attempt to destroy federal jurisdiction and force remand to state court. Plaintiff argues that BRSI is a necessary party to the case, and she should be allowed to amend her complaint because amendments are "freely given when justice so requires."

"It has long been the rule that to satisfy the diversity of citizenship requirement of 28

U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant." Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1095-96 (10th Cir. 2003). Pursuant to 28 U.S.C. § 1441, a defendant may remove a case to federal court that was initially filed in state court if the diversity of citizenship requirements are satisfied. As a general rule, the propriety of removal is judged on the complaint as it stands at the time of the removal. As the Supreme Court noted: "We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMorran Inc. v. K N Energy, 498 U.S. 426, 428 (1991). However, courts have wrestled with the question of how broadly to read the indicated language, particularly in situations where the subsequent addition of a party would destroy diversity. In particular, it is not altogether clear how the Court's statement should be reconciled in the removal context with 28 U.S.C. § 1447(e). That subsection states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The statute suggests that certain subsequent events (i.e. the addition of the non-diverse party) <u>can</u> force remand, which effectively divests jurisdiction.[1] Moreover, § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[1] See Bishop v. Moore, 2000 WL 246583 (D. Kan. 2000)(unpublished), discussing the tension between Freeport-McMoran and §1447(e), and concluding that the expansive language in Freeport-McMoran is dictum (citing cases). See also this court's discussion in Lopez v. Farmers Ins. Co., 2010 WL 2977301 (W.D. Okla. 2010)(unpublished), noting the existence of § 1447(e) in connection with the discussion of Freeport-McMoran.

jurisdiction, the case shall be remanded." (emphasis added).

Freeport-McMoran did not mention § 1447(e), perhaps because the underlying events at issue there predated the adoption of § 1447(e).[2] In any event, giving effect to the plain language of the statute, the court concludes that, in the circumstances existing here, the applicable rule is that "if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008); *see* 14C Wright, Miller & Cooper, Fed. Prac. & Proc § 3739 Remand (4th ed.) ("If the court permits the non-diverse party to be joined, under amended Section 1447(e) the court must remand the case to the state court from which it was removed.").

Although amendments are freely granted, "[a]s § 1447(e) indicates , . . . the plaintiff does not have an absolute right to join [non-diverse] parties." McPhail, 529 F.3d at 951. In determining whether leave to add a non-diverse party should be granted, a number of factors are considered, including "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [whether it] was offered in good faith," and whether the party sought to be joined is indispensable under Fed. R. Civ. P. 19. *Id.* at 951-52. Applying those factors, the court concludes that plaintiff's motions should be denied.

A party is indispensable if:

(1) in the person's absence complete relief cannot be accorded among those

---

[2]*Section 1447(e) was adopted as part of the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, 102 Stat. 4642.*

already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 opinion modified on reh'g, 257 F.3d 1158 (10th Cir. 2001). Plaintiff makes no effort to argue that the defendant it seeks to add—the dealer which sold the car—is indispensable. Further, she does not suggest she would be prejudiced other than by a very conclusory suggestion of inefficiency due to the possibility of multiple lawsuits being necessary.

It appears likely that plaintiff's effort to add the non-diverse defendant is simply an effort to return the case to state court. Defendants assert that to be the case, noting the timing of the request to amend, the absence of any new information not known to plaintiff at the time of the original filing, and other factors. Plaintiff makes no effort to respond to that assertion or to suggest otherwise.[3] Further, she suggests nothing that might tend to establish "excusable neglect" in not including the defendant earlier. *See* Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

In any event, the court concludes leave to amend should be denied.

For the reasons stated, plaintiff's motion to amend [Doc. #11] and motion to remand to state court [Doc. #12] are **DENIED**.

---

[3]*After defendants made the jurisdiction-shopping assertion in their response brief, plaintiff did not file a reply brief or otherwise contest the assertion.*

**IT IS SO ORDERED**.

Dated this 21st day of July, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE